IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| R CORP., | ) | |
| | ) | |
| Plaintiff, | ) | No. 23-cv-16232 |
| | ) | |
| v. | ) | Judge Jeffrey I. Cummings |
| | ) | |
| THE PARTNERSHIPS AND | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE A, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons set forth below, plaintiff's motion for leave to file under seal and to temporarily proceed under a pseudonym [6] is granted in part and denied in part, and plaintiff's motion to seal [9], and motion for temporary restraining order [7] are granted. Status hearing set for 4/26/24 at 9:00 a.m. (to track the case only, no appearance is required).

## STATEMENT

The Court has reviewed the plaintiff's supplemental memorandum in support of joinder, (Dckt. #12), plaintiff's motion for leave to file under seal and to proceed under a pseudonym, (Dckt. #6), and plaintiff's motion for temporary restraining order, (Dckt. #7), and orders as follows.

First, with respect to joinder, the Court finds that joinder is proper at this preliminary stage pursuant to Fed.R.Civ.P. 20(a)(2). Specifically, plaintiff has submitted evidence establishing that beyond just infringing the same trademark and copyrights – which alone is insufficient to establish the property of joinder, *see Estee Lauder Cosmetics Ltd. v. Schedule A*, 334 F.R.D. 182, 187 (N.D.Ill. 2020) – 100% of the defendants appear to have purchased the counterfeit products from a single Chinese manufacture ("Clean PCO"); more than 55% are using the same instruction manual offered by default by shared manufacturer Clean PCO; the remainder are using "custom" manuals (an additional service offered by Clean PCO); and nearly half are using the same pictures in their listings. (*See* Dckt. #12-1 – Declaration of Nick Rinne). Further, no defendants will be prejudiced by permitting joinder at this juncture. *See Bose Corp. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, 334 F.R.D. 511, 517 (N.D.Ill. 2020). To the extent any defendant appears and objects to joinder, the Court will revisit the issue and is free to sever certain defendants from the case under Rule 21 at that time. And, of course, the Court's finding regarding joinder in this case is not dispositive of the propriety of joinder in any other cases before the Court.

As for plaintiff's motion to file under seal and to proceed under a pseudonym temporarily, (Dckt. #6), that motion is granted in part and denied in part. At a minimum, plaintiff's submissions establish that, were defendants to learn of these proceedings before the execution of plaintiff's requested preliminary injunctive relief, there is a significant risk that defendants could destroy relevant documentary evidence and hide or transfer assets beyond the reach of the Court. Accordingly, subject to unsealing at an appropriate time, plaintiff's request to seal certain documents (set forth in both Dckt. #6 and #8) is granted. The temporary restraining order that is being entered contemporaneously with this order will also be placed under seal.

Plaintiff's request to proceed under a pseudonym temporarily, however, is denied. As the Seventh Circuit has explained, "We have repeatedly voiced our disfavor of parties proceeding anonymously, as anonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes. To proceed anonymously, a party must demonstrate exceptional circumstances that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Doe v. Village of Deerfield*, 819 F.3d 372, 376-77 (7th Cir. 2016); *see also Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) ("[T]his circuit's decisions . . . disfavor anonymous litigation."); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts.").

Here, plaintiff has failed to demonstrate the requisite "exceptional circumstances" to warrant proceeding anonymously under the factual scenario presented by the case, arguing solely – without any supporting legal authority – that "[p]roceeding pseudonymously . . . is necessary to prevent the Defendants from learning of these proceedings prior to the execution of the temporary restraining order." (Dckt. #6 at 1). Further, and more importantly, plaintiff has failed to demonstrate that the safeguards already in place will not otherwise protect its interest in enforcing its brand rights. *See XYZ Corp. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 21-CV-06471, 2022 WL 180151, at *2 (N.D.Ill. Jan. 20, 2022) ("There is insufficient evidence . . . that Schedule A defendants are taking advantage of the case-tracking option to such an extent that it is materially impeding brand owners' enforcement efforts."). Moreover, plaintiff's *ex parte* motion for a temporary restraining order is being adjudicated contemporaneously, and the identity of the defendant entities will be placed under seal during the pendency of the *ex parte* proceedings. Given these protections for plaintiff's legitimate interests, the countervailing strong public interest in knowing who is seeking recourse in the federal courts compels the Court to deny plaintiff's request to conceal its own identity, even initially.

Finally, plaintiff's *ex parte* motion for a temporary restraining order, including a temporary injunction, a temporary asset restraint, expedited discovery, and electronic service of process, (Dckt. #7), is granted. Plaintiff's filings support proceeding on an *ex parte* basis at this time. Specifically, and as noted above, were defendants to be informed of this proceeding before a TRO could issue, the Court finds that it is likely that their assets and websites would be redirected, thus defeating plaintiff's interests in identifying the defendants, stopping defendants' infringing conduct, and obtaining an accounting. In addition, the evidence submitted by plaintiff shows a likelihood of success on the merits (including evidence of active infringement and sales

into Illinois), that the harm to plaintiff is irreparable, and that an injunction is in the public interest. An injunction serves the public interest because of the consumer confusion caused by counterfeit goods, and there is no countervailing harm to defendants from an order directing them to stop infringement. Electronic service of process does not violate any treaty and is consistent with due process because it effectively communicates the pendency of this action to defendant. Expedited discovery is warranted to identify defendants and to implement the asset freeze. Enter Sealed TRO.

**Date: March 5, 2024**

**Jeffrey I. Cummings**
**United States District Court Judge**