IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Rinne Corp,<br><br>                Plaintiff,<br>v.<br><br>The Partnerships, and Unincorporated Associations Identified in Schedule A,<br><br>                Defendants. | Case No. 1:23-cv-16232<br><br>Honorable Judge Jeffrey I. Cummings |

**DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAUL, OBJECTION TO THE MOTION FOR ENTRY OF DEFAULT JUDGMENT, MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, AND MOTION TO VACATE OR MODIFY PRELIMINARY INJUNCTION ORDER (OPPOSED)**

Defendants Zero-Miracle Network Limited, Larryhot Trading Co., Limited, Vanice Technology Co., Limited, and Suzhou Chenghe Network Technology Co., Ltd. (collectively, **Defendants**), as owners of the internet stores, cheap-easy-go.com, costumebrand.com, enjoyaitlife.com, flowercog.com, and goblinpocket.com (collectively, "**Stores**"), hereby move the Court to set aside the entry of default under Federal Rule of Civil Procedure 55 (Dkt. 49), dismiss the case for lack of personal jurisdiction, and vacate or modify the preliminary injunction order (Dkt. 41).

**PRELIMINARY STATEMENT**

Defendants are Chinese entities operating the Stores exclusively in China. These Stores have made no sales of the alleged infringing products in Illinois, nor have they purposefully directed their activities at Illinois. The Court lacks jurisdiction to enter a default against these Defendants. As explained in further detail below, good cause exists to set aside the default and deny Plaintiff's

motion for default judgment, which are also sufficient grounds to dismiss the case and vacate the asset restraint in place.

## STATEMENT OF FACTS

Defendants are incorporated, have their principal places of business, and operate exclusively in China. *See* Declarations of Baohua Zhang, Xin Chen, Miao Xu, Siwei Huang (collectively, **Decls.**). Defendants have never owned or utilized an office, hired employees, agents, or representatives, maintained bank accounts, owned assets or properties, or qualified to do business in Illinois or any part of the United States. *See generally*, Decls. Neither the Stores nor Defendants have targeted Illinois residents with their advertisements or directed any marketing efforts or materials at Illinois. *See generally*, Decls. Defendants conducted a diligent search of the Stores' sales records maintained in the ordinary course of Defendants' business, concluding none of these Stores sold any products allegedly infringing Plaintiff's copyrights or trademarks in Illinois. *See generally*, Decls.

Plaintiff filed the current lawsuit on November 27, 2023. (Dkt. 1.) It certified to the Court that it completed service on Defendants on April 3, 2024, following the Court's TRO. (Dkt. 26.) However, except for cheap-easy-go.com, none of the other Stores received summons of the lawsuit. *See generally*, Decls. The Court set the original response deadline for April 24, 2024. (Dkt. 26.) Defendants retained the undersigned counsel around April 25.[1] *See* Declaration of Ronghua Guan (**Guan Decl.**). The Court entered the preliminary injunction order on April 30. Plaintiff filed a motion for default judgment on May 16, 2024 (Dkt. 45). On Friday, May 17, counsel for the Plaintiff

---

[1] The undersigned counsel was retained to represent Defendants around April 25, 2024. Due to the tight turnaround, counsel was unable to review and respond to the motion for a preliminary injunction before the Court entered the preliminary injunction order on April 30. However, since being retained, counsel and Defendants have been diligently investigating and evaluating the claims. *See* Guan Decl. The Court entered the preliminary injunction "in the absence of adversarial presentation" (Dkt. 41). Therefore, Defendants now move to vacate or modify the preliminary injunction order, providing supporting factual evidence and legal authorities.

2

and Defendants agreed that Defendants would respond to the complaint by June 7, 2024. *See* Guan Decl. On Monday, May 20, the Court entered default under Rule 55(a) against the remaining defendants, including these Defendants. (Dkt. 49.) The Court requested objections to the motion for entry of default judgment to be filed on or before May 31, 2024. (Dkt. 49.)

## **ARGUMENT**

### I. THE DEFAULT SHOULD BE VACATED AND DISMISSAL IS WARRANTED.

Under Rule 55(a), a court may enter an order of default against a defendant when the defendant "has failed to plead or otherwise defend, and that the failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The Court has authority under Rule 55(c) to set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). A party moving to vacate an entry of default under Rule 55(c) bears the burden of showing (1) "good cause" for the default, (2) "quick action' to correct the default, and (3) a "meritorious defense" to the nonmovant's claim. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). A less stringent standard of review applies for setting aside a default before it has ripened into a judgment. *Arwa Chiropractic, P.C. v. Med.-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020); *JMB Mfg. v. Child Craft, LLC*, 799 F.3d 780, 792 (7th Cir. 2015) ("Under either rule, the district court exercises discretion, but the Rule 55(c) standard is somewhat more lenient.").

A default must be vacated if the Court lacked personal jurisdiction over the defendants. *See Relational, LLC v. Hodges*, 627 F.3d 668, 671 (7th Cir. 2010) ("[I]f the district court lacked personal jurisdiction over the defendant at the time it entered the default judgment, the judgment is void, and it is a per se abuse of discretion to deny a motion to vacate that judgment."); *see also Trade Well Int'l v. United Central Bank*, 825 F.3d 854, 859 (7th Cir. 2016) ("Under Federal Rule of Civil Procedure 60(b), a final judgment must be set aside if the court lacked personal jurisdiction.").

3

### A. Defendants Have Promptly Moved to Set Aside Default

On Friday, May 17, one business day before the Court entered default on Monday, May 20, counsel for Plaintiff and Defendants reached an agreement that Defendants would respond to the complaint June 7. *See* Guan Decl. Since being served with the lawsuit, Defendants have been actively defending this case, including conducting an internal investigation of the alleged claims, searching for alleged products and sales records, and requesting relevant evidentiary support from Plaintiff. *Id*. Defendants promptly filed this motion to set aside following the entry of default. Defendants acted diligently and proactively in defending this case at all relevant times.

With Plaintiff's approval of the extension, Defendants anticipated Plaintiff would not oppose Defendants' motion to set aside default. However, Plaintiff now conditions his non-opposition on Defendants' counteroffer. *Id*. Nonetheless, the parties are still in active settlement negotiations. *Id*. Therefore, good cause exists to set aside the default.

### B. The Court Has No Personal Jurisdiction to Enter A Default Judgment

The Plaintiff cannot establish either general or specific jurisdiction. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 799 (7th Cir. 2014) (Plaintiffs bear the burden of establishing that personal jurisdiction exists). General jurisdiction requires connections with the forum that are "so continuous and systematic" as to render the entity "essentially at home" in the forum. *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014). Defendants physically operate the Stores in China and have never owned or utilized an office, hired employees, agents, or representatives, maintained bank accounts, owned assets, or qualified to do business in Illinois. *See generally* Decls. Neither the Stores nor Defendants have targeted Illinois residents with their advertisements or directed any marketing efforts or materials at Illinois. *See generally* Decls. Defendants had zero sales in Illinois, falling far short of the "continuous and systematic" contacts needed to render Defendants at home in Illinois. *Kipp v. Ski Enter. Corp. of Wisc.*, 783 F.3d 695,

699 (7th Cir. 2015) (holding that maintaining a public website, by itself, is insufficient to establish general jurisdiction); *Daimler*, at 118.

Nor does the court have specific jurisdiction over Defendants. In cases involving intentional torts, specific jurisdiction requires (1) that the conduct underlying the claims was purposefully directed at the forum state; (2) that the alleged injury arises out of the defendant's forum-selected activities; and (3) that the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *See*, *e.g.*, *Tamburo v. Dworkin*, 601 F.3d 693, 702-709 (7th Cir. 2010) (in contrast, courts generally adopt "purposeful availment" test in contract-based actions) (citing *Calder v. Jones*, 465 U.S. 783, 790 (1984). Jurisdiction can only be based on actions created by the defendant, not any unilateral activity of a plaintiff or third person. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *Walden v. Fiore*, 571 U.S. 277, 284 (2014); *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 417 (1984).

### a. *Defendants did not purposefully direct their conduct at Illinois.*

"Purposeful direction" requires intentional conduct expressly aimed at the forum state, with the defendant's knowledge that the plaintiff would be injured in the forum state. *See Tamburo*, at 703. Express aiming at a forum necessitates a forum-state injury and "something more" directed at that state. *Id*., at 705-06. As affirmed by the Seventh Circuit's decision in *NBA Props. v. HANWJH*, the defendant's activities must intentionally establish contacts with the forum state. *See NBA Props. v. HANWJH*, 46 F.4th 614, 622 (7th Cir. 2022). Merely operating an interactive website accessible from Illinois does not meet such requirements. *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011); *Illinois v. Hemi Group LLC*, 622 F.3d 754, 760 (7th Cir. 2010); *Advanced Tactical*, at 803.

Further, when a defendant made no sale to Illinois residents and the plaintiff's sole basis was a screenshot of not even a sale, but "at most…the possibility that a sale could be made in Illinois," personal jurisdiction is not warranted. *Rubik's Brand, Ltd. v. P'ships & Unincorporated Ass'n*

*Identified on Schedule A*, No. 20-cv-5338, 2021 U.S. Dist. LEXIS 40755, at *7 (N.D. Ill. Mar. 4, 2021); *Shenzhen Dejiayun Network Tech. Co. Ltd., v. The P'ships et al.*, 21-cv-06607, Dkt. 143 (N.D. Ill. Feb. 2, 2024) (evidence of "simply populating a potential [Illinois] shipping address into a website" without an actual sale into the forum state is insufficient to establish personal jurisdiction). Courts in this Circuit have consistently refrained from exercising jurisdiction when there is not even minimal contact with the forum. *E.g.*, *Hangzhou Chic Intelligent Tech. Co. v P'ship & Unincorporated Ass'n Identified on Schedule "A"*, 2022 US Dist LEXIS 109380, at *8 (ND Ill June 21, 2022, No. 20 C 4806); *General Tools & Instruments LLC v. The P'Ships, et al.*, No. 20-cv-1036 Dkt. 167, p. 6 (N.D. Ill. May 17, 2021) (vacating default judgment, noting "Defendants put forth evidence that they never advertised or marketed products to Illinois customers and never shipped infringing products to Illinois); *see also*, *Matlin v. Spin Master Corp.*, 921 F.3d 701, 706 (7th Cir. 2019) (personal jurisdiction lacking where, despite a sale being made to Illinois resident, the sale was "a single incident conjured up by the plaintiff's attorney for the exclusive purpose of establishing jurisdiction over the defendants").

Defendants operate interactive e-commerce websites accessible in Illinois but have never "knowingly [conducted] business with Illinois residents" as they have made no sales in Illinois. *See NBA Props.*, at 624. Nor have they otherwise directed any activities to Illinois—no physical presence, no targeted advertisement, and no injuries to Illinois residents.

### b. *The alleged injuries did not arise from activities in Illinois.*

To establish specific jurisdiction, the alleged injuries must "arise out of" or "relate to" the defendant's minimum contacts with the forum. *E.g.*, *Tamburo*, at 708; *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 400 (7th Cir. 2020). This inquiry focuses on the relationship among the defendant, the forum, and the litigation. *Advanced Tactical*, at 801. The relationship between the defendant and the forum must arise from contacts that the defendant itself creates with the forum.

*Walden*, at 284; *Burger King*, at 475. It is axiomatic that this prong is not satisfied when the courts have consistently found merely operating an interactive website alone does not establish jurisdiction. *See be2 LLC*, at 559; *Advanced Tactical*, at 803 (plaintiff failed to demonstrate the sale in the state was due to the allegedly infringing activities, and, therefore, could not support jurisdiction); *Matlin*, at 707 (a sale placed by the plaintiff for the purposes of salvaging jurisdiction after the initiation of litigation could not establish jurisdiction).

The Plaintiff cannot demonstrate any alleged infringements arise from activities within this state. The Plaintiff has suffered no injuries in this state as there have been no sales. Plaintiff's choice to file suit in Illinois, which now hosts a "cottage industry" of similar "Schedule A" cases, is random and fortuitous. *See Xped LLC v. Entities Listed on Exhibit 1*, No. 21 CV 6237, 2023 U.S. Dist. LEXIS 157275, at *1 (N.D. Ill. Sep. 6, 2023); *Brabus GmbH v. Individuals, Corps., Ltd.*, No. 20-cv-03720, 2022 U.S. Dist. LEXIS 187302, at *2 (N.D. Ill. Oct. 13, 2022).

    c. ***Exercising jurisdiction is unfair and unreasonable.***

Even if the Plaintiff satisfies the first two requirements, which Defendants firmly deny, the court should still avoid exercising jurisdiction unless it aligns with the traditional notions of fair play and substantial justice. *See Tamburo*, at 709. The courts evaluate the following factors to determine the fairness and reasonableness of exercising jurisdiction: the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies. *Id*.; *Burger King*, at 477.

These factors strongly disfavor jurisdiction. Defendants, foreign enterprises with no presence or infrastructure in Illinois, face a significant burden in defending this lawsuit. There are no facts to support the Plaintiff's pursuit of convenient and effective relief can be achieved in this jurisdiction—

7

no evidence or witnesses are present in this state. This court has little interest in adjudicating the claims against Defendants because there are no sales in this state. The nation's shared interests would be best served by refraining from exercising jurisdiction when the serious burden on alien defendants substantially outweighs such minimal interests. *See Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 115 (1987). Moreover, as this court has observed, these "cottage industry" "Schedule A" cases have consumed tremendous judicial resources in this district. *See Brabus GmbH v. Individuals, Corps., Ltd.*, No. 20-cv-03720, 2022 U.S. Dist. LEXIS 187302, at *2 (N.D. Ill. Oct. 13, 2022). The courts should manage their dockets to prevent such unreasonable abuse of judicial resources. *See id*.

        **C.**      **The Default Should Be Set Aside for Insufficient Service of Process**

Actual knowledge of the existence of a lawsuit alone "is insufficient to confer personal jurisdiction over a defendant in the absence of a valid service of process." *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991). A judgement is void if the defendant was not properly served with process. *Lefevre v. Concord Servicing Corp.*, 2000 WL 45457, at *2 (N.D. Ill. Jan. 11, 2000). Courts have consistently vacated default judgments where service was improper. *See, e.g., Dyno, LLC v. Se. Asia Direct, Ltd.*, 2012 WL 130087, at *2 (N.D. Ill. Jan. 13, 2012) (setting aside default judgment because service upon a corporation's attorney, who was neither an officer or agent of defendant, was improper). It is axiomatic that a default, before it ripens into a judgment, must be vacated absent proper service.

On March 5, 2024, the Court granted Plaintiff's request for leave to serve the defendants "by electronically publishing a link to the Complaint, this Order and other relevant documents on a website and by sending an email with a link to said website to the e-mail addresses identified and provided for Defendants by third parties." *See* Dkt. 17. Plaintiff's counsel certified that on April 3, 2024, he "[s]erved via electronic email to the email addresses provided by the ecommerce platforms, as authorized in the Temporary Restraining Order[.]" *See* Dkt. 26. However, with the exception of

Defendant Zero-Miracle Network Limited (cheap-easy-go.com), other Defendants and Stores have not received the summons or notice of the lawsuit via email. *See generally*, Decls. Plaintiff's counsel has not provided a link to the website where the relevant documents would be published. Absent proper service, the Court has no jurisdiction to enter the default against these Defendants.

> D. **Defendants Have Meritorious Defenses to Plaintiff's Claims**

The Seventh Circuit has a well-established policy favoring a trial on the merits over a default judgment. *Anilina Fabrique de Colorants v. Aakash Chemicals & Dyestuffs, Inc.*, 856 F.2d 873, 878 (7th Cir. 1988). A meritorious defense need not, beyond a doubt, succeed in defeating a default judgment, but it must at least "raise[ ] a serious question regarding the propriety of a default judgment and…[be] supported by a developed legal and factual basis." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994). In addition to the lack of personal jurisdiction and insufficient service of process, Defendants have strong defenses against Plaintiff's trademark, copyright, unfair competition, and damages claims. *See United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989) (allegations regarding damages suffered are not taken as true upon default).

Among others, Defendants have a strong defense that Plaintiff's alleged trademarks are, at best, descriptive marks. A descriptive mark describes "the ingredients, qualities, or characteristics" of a product and, generally, it is not protected as a trademark because it is a "poor means of distinguishing one source" of a product from another. *Platinum Home Mortg. Corp. v. Platinum Fin. Grp., Inc.*, 149 F.3d 722, 727 (7th Cir. 1998). Plaintiff alleges it has two trademarks "Flip N Slide" and "Flip N' Slide." However, "flip and slide" is a plain description of the mechanism and characteristics of the mousetraps. Many online mousetrap sellers promote their products using descriptions like "flip and slide" and "bucket lid," *etc*. *See* Exs. C to Decls. In any event, Defendants did not intentionally use any pictures or materials with knowledge of Plaintiff's alleged trademarks. *See generally*, Decls. These facts demonstrate that Defendants have a strong defense and should be

given the opportunity to prove their case at trial.[2]

Defendants also have strong defenses of Plaintiff's copyright infringement claims. A copyright infringement claim has two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Both the alleged products and the product pictures are widely available online. *See* Exs. C to Decls. The doctrine of scènes à faire ensures "incidents, characters, or settings which are as a practical matter indispensable, or at least standard, in the treatment of a given topic" are not protectible by copyright. *Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1012 (7th Cir. 2005). Scènes à faire are "so rudimentary, commonplace, standard, or unavoidable that they do not serve to distinguish work within a class of works from another." *Design Basics, LLC v. Signature Constr., Inc.*, 994 F.3d 879, 889 (7th Cir. 2021). Allowing such claims would cause great confusion as to whether the feature is from a copyrighted work or the public domain. *Gaiman v. McFarlane*, 360 F.3d 644, 659 (7th Cir. 2004). Authors would not be able to create any works without obtaining a myriad of copyright permissions. *Id*. There are numerous products using similar product photos online, showing the appearance, parts, and usage of the alleged products, raising at least a valid defense of scènes à faire. *See* Exs. C to Decls. In any event, Defendants did not intentionally use any pictures or materials with knowledge of Plaintiff's alleged copyrights. *See generally*, Decls. Further, the copyright registrations show that Plaintiff owns only copyrights with registration numbers VAu 2-309-454 and TXu 2-324-741, not VAu 1-445-444. It is also unclear from the complaint what copyrighted works these registrations cover. Defendants at least have a meritorious defense against the copyright infringement claims.

Nonetheless, Defendants have strong defenses against Plaintiff's damage claims. For example, the lack of trademark and copyright registration when Defendants first listed the items for

---

[2] Additionally, not all Stores used these alleged marks in their product listings. *See* Exs. A to Decls,

sale categorically bars any statutory damages. *See* 17 U.S.C. § 412; 15 U.S.C. §§ 1116(d)(1)(B)(i) & 1127; *Budget Cinema, Inc. v. Watertower Assocs.*, 81 F.3d 729, 733 (7th Cir. 1996); *Hays v. Sony Corp. of Am.*, 847 F.2d 412, 415 (7th Cir. 1988); *McGraw Hill LLC v. Doe*, 616 F. Supp. 3d 316, 330 (S.D.N.Y. 2022) ("factors that courts consider in awarding statutory damages under the Lanham Act are the same as those under the Copyright Act"). The only sale these Defendants consummated in the U.S. was on April 2, 2022, by cheap-easy-go.com. However, Plaintiff's trademarks were not registered until April 5, 2022, and the copyrights VAu 2-309-454 and TXu 2-324-741 were not registered until July 2022. Therefore, Defendants at least have a meritorious defense against the damage claims.

## II. PRELIMINARY INJUNCTION SHOULD BE VACATED OR MODIFIED.

Absent personal jurisdiction, this Court lacks the authority to impose the preliminary injunction (Dkt. 41). *See Advanced Tactical*, at 800. Even if this Court decides it has jurisdiction, Plaintiff has failed to meet its burden to justify the necessity of the preliminary injunction as to the asset restraints. Even if the Court finds the preliminary injunction appropriate, it should be modified to apply solely to the revenue from the sales of the alleged products, which was approximately $27.37 against cheap-easy-go.com. *See generally*, Decls.

A preliminary injunction is an extraordinary and drastic remedy, one that must be cautiously given and proportionately tailored to the violation. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *Commodity Fut. Trading Comm. v. Lake Shore Asset Mgmt. Ltd.*, 496 F.3d 769, 772 (7th Cir. 2007). Plaintiff must clearly demonstrate a likelihood of success on the merits, the inadequacy of other remedies at law, and irreparable harm if the injunction is not granted. *Ty, Inc. v. Jones Grp. Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). The court must weigh these factors and balance the potential harm to each party as well as consider the public interest using a sliding scale approach. *Id*. A court may deny a motion for a preliminary injunction if a party fails to establish either the likelihood of

success on the merits or irreparable harm. *ABC Prods. v. Individuals*, No. 23 C 4131, 2024 U.S. Dist. LEXIS 67662, at *2 (N.D. Ill. Jan. 9, 2024).

District courts generally do not have the authority to preliminarily restrain assets where a plaintiff seeks a money judgment. *Grupo Mexicano de Desarrollo v. Alliance Bond Fund*, 527 U.S. 308, 331 (1999). One exception to that general rule is where a plaintiff seeks an equitable relief— like disgorgement of profits. *Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 13 C 07621, 2013 U.S. Dist. LEXIS 205985, 2013 WL 12314399, at *2 (N.D. Ill. Oct. 31, 2013). However, the scope of prejudgment restraint must be limited to what is reasonably necessary to secure equitable relief. *Id*. If the amount of profits is known, then the asset freeze should apply only to that specific amount "and no more." *Id*.

Monetary damages, however substantial, do not constitute irreparable injury. *Sampson v. Murray*, 415 U.S. 61, 90 (1974). The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm. *Id*. Further, an injunction is unnecessary if there is little likelihood of recurrence, especially when the defendant has promised not to resume selling the items. *M-F-G Corp. v. Emra Corp.*, 817 F.2d 410, 411 (7th Cir. 1987). Defendants have permanently discontinued the sale of the alleged products and have assured the court that they will not resume these sales. *See generally*, Decls.

To the extent the Court decides to keep the preliminary injunction, Defendants have provided sufficient evidence showing the total sales revenue from the alleged products. The Stores' employees reviewed their records, maintained in the ordinary course of business, for the alleged products and have submitted the complete and accurate sales records in the accompanying declarations. *See generally*, Decls. Other than cheap-easy-go.com, none of the other Stores had any sales in the U.S. As explained, the Court should not impose asset restraints exceeding the scope of possible equitable

relief.

As explained above, Plaintiff has a minimal, if any, likelihood of success due to the lack of personal jurisdiction, insufficient process service, and meritless copyright or trademark infringement claims.

Finally, freezing Defendants' primary financial accounts will severely harm their ability to conduct normal business operations. As a common tactic in these types of cases, plaintiffs seek to restrain defendants' financial accounts to gain leverage in settlement negotiations when there is little to no likelihood of success on the merits. A disproportionate injunction that severely strains the Stores' liquidity could inadvertently benefit Plaintiff, as Defendants might be more inclined to settle rather than prove its case. Modifying the injunction to more reasonable amounts would protect the public interest adequately. An overly restrictive injunction would stifle commercial activity and unduly suppress competition.

## CONCLUSION

Defendants respectfully request that the court set aside the entry of default against these Defendants, deny Plaintiff's motion for default judgment in its entity, dismiss this case against the Defendants with prejudice, vacate or modify the preliminary injunction order, and grant other relief the Court deems just and proper.

## CERTIFICATE OF CONFERENCE

On May 21, 2024, counsel for Defendants conferred with counsel for Plaintiff via email regarding Defendants' motion to set aside default and motion to dismiss for lack of personal jurisdiction. Plaintiff's counsel stated he opposes Defendants' motion.

Dated: May 31, 2024  Respectfully submitted,

*/s/ Ronghua Guan*
Ronghua Guan (*Pro Hac Vice pending*)
jchen@dgwllp.com
**DGW KRAMER LLP**
45 Rockefeller Plaza, 20th Floor,
New York, NY 10111


*Counsel for Defendants*

## CERTIFICATE OF SERVICE

On May 31, 2024, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF System which will send notification of said filing to all counsel of record.

*/s/ Ronghua Guan*
Ronghua Guan

14